IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

DeWayne Grate, #269208, Petitioner,

v.

Anthony Padula, Warden Lee C.I., Respondent.

C/A No. 3:07-1034-MBS

**ORDER**

Petitioner DeWayne Grate is an inmate of the South Carolina Department of Corrections who currently is housed at the Lee Correctional Institution in Bishopville, South Carolina. Petitioner, appearing pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on Respondent's motion for summary judgment, which motion was filed July 18, 2007. By order filed July 25, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a memorandum in opposition to Respondent's motion on August 18, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge filed a Report and Recommendation on February 1, 2008, in which he determined that (1) Petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d); (2) Petitioner's second, third, and fourth grounds for relief are procedurally defaulted; and (3) Petitioner's first ground for relief, which alleges ineffective assistance of counsel, is without merit. Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted. Petitioner filed

objections to the Report and Recommendation on February 19, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

Petitioner was indicted in Horry County, South Carolina in 2000 for murder. He was represented by Assistant Public Defender William Edward Chrisco, Esquire. A jury convicted Petitioner on September 8, 2000. The Honorable Sidney T. Floyd sentenced Petitioner to thirty-five years imprisonment.

Petitioner filed a timely notice of appeal. The South Carolina Office of Appellate Defense filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on behalf of Petitioner. On November 2, 2000, while the direct appeal was pending, Petitioner filed an application for post-conviction relief (PCR), asserting claims of ineffective assistance of counsel and violation of due process of law. On June 17, 2002, Petitioner amended his PCR application to assert numerous grounds for relief. On June 20, 2002, the South Carolina Court of Appeals issued an opinion dismissing Petitioner's direct appeal.

A PCR hearing was held before the Honorable Paula H. Thomas on March 7, 2003. Petitioner was represented at the hearing by Neil D. Wright, Esquire. The PCR judge orally denied

Petitioner's application for relief. A written order denying and dismissing the PCR application was issued on September 19, 2003. Petitioner thereafter filed a petition for writ of certiorari with the South Carolina Supreme Court. The petition was denied on October 5, 2005. Remititur was sent down on October 21, 2005. The within § 2254 petition was filed on April 17, 2007.

The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

## II. DISCUSSION

Petitioner contends that the Magistrate Judge erred in finding that the within § 2254 petition is untimely. The court disagrees.

Title 28, United States Code, section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner was in continuous litigation from the time his direct appeal was perfected until the time the remititur came down October 21, 2005, after his petition for writ of certiorari was dismissed. Therefore, the time to file a § 2254 petition was tolled under § 2244(d)(2) until October 21, 2005. Petitioner was required to file his § 2254 petition by October 21, 2006.

Petitioner is entitled to the holding in Houston v. Lack, 487 U.S. 266 (1988). In Houston, the United States Supreme Court held that a legal document prepared by an inmate is considered to be "filed" at the moment it is delivered to prison officials for forwarding to the clerk of the district court. The correct Houston v. Lack date is unclear from the electronic record. Petitioner signed the § 2254 petition on March 30, 2007. (Entry 1, page 14.) He also signed a "Brief of Petitioner" statement on March 30, 2007. (Entry 1, page 15.) However, Petitioner also signed a verification that the petition was placed in the prison mailing system on March 30, 2006. (Entry 1, page 14). The March 30, 2006 date is within the limitations period. The question becomes, then, whether the court should give Petitioner the benefit of the March 30, 2006 date.

To resolve this discrepancy, the court has reviewed the original documents filed with the Clerk of Court. Included with the original documents is the envelope in which the § 2254 petition was mailed to the Clerk of Court. The metered stamp on the front of the envelope is dated April 13, 2007. Moreover, the back of the envelope is stamped "RECEIVED April 13 2007 LEE CI Mail Room."[1] April 13, 2007 is also the date on Petitioner's application to proceed without prepayment of fees and affidavit, which was mailed with the petition. (Entry 2) Based on all this information, the court concludes that the proper Houston v. Lack delivery date is April 13, 2007, which is 539

[1] The date on the metered stamp was not visible on, and the back of the envelope was not scanned into, the district court's electronic system, so Respondent did not have the benefit of this information in filing his motion for summary judgment.

days after October 21, 2005.[2] Accordingly, the within petition is barred by the one-year limitations period set forth in § 2244(d).[3]

III. CONCLUSION

The court adopts the recommendation of the Magistrate Judge that the within petition is untimely under § 2244(d). Respondent's motion for summary judgment (Entry 13) is **granted**. The Clerk of Court is directed to scan into the court's electronic system the back of the envelope in which the § 2254 petition was mailed, and to attempt to scan a clear image of the metered stamp, if it is possible to do so.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

March 10, 2008

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

---

[2] Even if the court were to use the March 30, 2007 date that Petitioner signed the § 2254 petition as the correct tolling date, the petition would not be timely. The March 30, 2007 date provides only14 days credit, for a total of 525 days between the day the limitations period commenced until Petitioner executed the petition.

[3] Petitioner also filed a successive PCR application in state court on October 3, 2003. The successive PCR application does not toll the limitations period because it is not a "properly filed" state collateral attack. See Pace v. DiDguglielmo, 544 U.S. 408, 414 (2005).